NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 18 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KATHERINE LOUISE WHITNEY, | No. 20-35106 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-05582-BHS |
| v. | |
| CITY OF TACOMA, a municipal entity; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted October 14, 2021**
San Francisco, California

Before: O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

Whitney appeals the district court's order dismissing her claims brought

pursuant to 42 U.S.C. § 1983 against several state and local government officials in

Washington State, and several employees of Share & Care House, a private, non-

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

profit organization that helps to administer rental assistance programs for the disabled in Pierce County. Whitney maintains that the named defendants violated her Fourth, Fifth, and Fourteenth Amendment rights. Because the facts are known to the parties, we repeat them only as necessary to explain our decision.

I

In general, to prevail on a § 1983 claim, Whitney must show "(1) that the conduct complained of was committed by a person acting under color of state law; and, (2) that this conduct deprived [her] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Pistor v. Garcia*, 791 F.3d 1104, 1114 (9th Cir. 2015) (quoting *Evans v. McKay*, 869 F.2d 1341, 1347 (9th Cir. 1989)).

Whitney brings claims against the City of Tacoma; Cheryl Strange, the Secretary of Washington's Department of Social and Health Services ("DSHS"); Pierce County officials Sheriff Paul Pastor, Deputy Sheriff Darryl Shuey, and Social Services Specialist Jeffrey Rodgers; and Share & Care House employees Charlene Hamblen, Taffi Wheeldon, and Misty Fitzsimmons. We address her claims against each separately represented Appellee in turn.

A

To establish a § 1983 claim against a municipal government, Whitney must show "(1) that [she] possessed a constitutional right of which [she] was deprived;

(2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to [her] constitutional right; and (4) that the policy is the 'moving force behind the violation.'" *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)).

Whitney's pleadings made no allegations of any kind regarding the City of Tacoma or any of its officials or employees. Accordingly, the district court properly dismissed Whitney's claims against the City of Tacoma.

## B

Under § 1983, Strange may only be liable for her own individual actions, not those of her subordinates or of other parties. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Whitney's pleadings do not allege any actual conduct by Strange, however, such that there is no basis for Whitney to proceed against her. Moreover, as a Washington State official, Strange is immune from suit for damages in her official capacity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007).

## C

### 1

Whitney added Sherriff Paul Pastor as a defendant in her amended complaint, but her pleadings make no mention of him whatsoever. Similarly, neither of Whitney's pleadings allege any affirmative act by Social Services

3

Specialist Jeff Rodgers. She has no basis for a § 1983 claim against either of them. *See Jones*, 297 F.3d at 934.

2

Whitney alleges that Shuey failed to protect her from an assault at the hands of her roommate. There is no cognizable obligation under the Fourteenth Amendment or any other constitutional provision, however, for a law enforcement officer to protect an individual from harm by a private party. The Due Process Clause does not "require[] the State to protect the life, liberty, and property of its citizens against invasion by private actors." *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989); *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971 (9th Cir. 2011) (citing *Morgan v. Gonzales*, 495 F.3d 1084, 1093 (9th Cir.2007)).

There are only two exceptions: (1) the "special relationship" exception, which applies when an officer "takes a person into . . . custody and holds him there against his will," and, (2) the "state-created danger" exception, which applies where the officer affirmatively places a person in danger by acting with deliberate indifference to a known or obvious danger. *Patel*, 648 F.3d at 971–72.

Neither exception applies here. Whitney was never taken into custody. Moreover, she does not allege that Shuey acted with deliberate indifference to expose her to a known or obvious danger—on the contrary, she alleges that Shuey explicitly stated that he perceived "no danger." Accordingly, the district court

4

properly dismissed Whitney's § 1983 claims against Shuey.

D

Whitney alleges that Hamblen, Wheeldon, and Fitzsimmons referred her to a housing unit ostensibly run by a woman who subsequently assaulted her, and that they failed to help her secure new housing even after she reported that the woman had threatened her. Although Share & Care House contracts with DSHS to administer the Housing and Essential Needs program, from which Whitney received assistance, Share & Care House and its employees remain private actors, and Whitney does not allege that DSHS, or any other government agency, somehow encouraged, participated in, or coerced the conduct that she attributes to Hamblen, Wheeldon, and Fitzsimmons. *See Pasadena Republican Club v. W. Just. Ctr.*, 985 F.3d 1161, 1167 (9th Cir. 2021).

In any event, Whitney's allegations with respect to Hamblen, Wheeldon, and Fitzsimmons ultimately amount to negligence, which does not state a violation of the Fourteenth Amendment or any other constitutional provision. *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1078 (9th Cir. 2012) (citing *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *see also Pauluk v. Savage*, 836 F.3d 1117, 1122 (9th Cir. 2016) ("The general rule is that a state actor is not liable under the Due Process Clause for its omissions." (internal citation and quotation marks omitted)). Accordingly, the district court properly dismissed Whitney's claims against

Hamblen, Wheeldon, and Fitzsimmons.

## II

Despite the Magistrate Judge's detailed explanation as to why the initial complaint was inadequate, Whitney's amended complaint failed to cure any of the identified deficiencies and contained far fewer facts. Moreover, Whitney cannot amend her pleadings to state a viable claim because her allegations with respect to the named defendants ultimately amount to negligence, which does not state a constitutional violation that is actionable under § 1983. *See OSU Student Alliance*, 699 F.3d at 1078; *Patel*, 648 F.3d at 971–72. Accordingly, the district court did not abuse its discretion in denying further leave to amend because any such leave would be futile.[1]

**AFFIRMED**.

---

[1] Whitney's motion for a ruling, filed with this court on May 7, 2021, is DENIED as moot.